

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Poteet
County Attorney
Crane County
Crane, Texas

Dear Sir:

Opinion No. O-3319
Re: Compensation of special road
overseer.

Your recent request for an opinion of this department on the questions as are herein stated has been received.

We quote from your letter as follows:

"Please advise at your earliest convenience the maximum amount that can be paid a special road overseer in counties of approximately 5,000 population. It is to be noted that Article 6735 provides that the overseers shall retain ten per cent. (10%) of the money that comes into their hands as compensation for their services. In this county the precincts have never been divided into four different road districts but they have one county-wide road district, and hence the overseer does not get to handle any money.

"Would the court under its general constitutional jurisdiction to attend to county business and to audit and settle claims and allow claims have the right to pay as much as $185.00 per month to a special road overseer? It is also to be noted that Article 6765 provides that the court may appoint an overseer or supervisor if to the best interest of the county and enter an order showing the amount of compensation paid. This would make the matter discretionary, provided it applies to Crane County, but it would appear that this statute might not pertain to Crane County,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charles H. Poteet, Page 2

since Crane County is not able to qualify under the optional road law.

"We are interested in having a reply as soon as possible, since if we are doing anything illegal we want to stop same. Please let us have your opinion by March 25th."

Article 6785, Vernon's Annotated Civil Statutes, referred to in your letter, authorizing the appointment of a special road overseer, does not apply to Crane County as the conditions do not exist as specified in Articles 6771-6789, Vernon's Annotated Civil Statutes.

From the facts stated in your letter, and for the purposes of this opinion, we assume that you have referred to a road superintendent as mentioned in Article 6743, Vernon's Annotated Civil Statutes, which reads as follows:

"The commissioners court of any county subject to this law may appointed a competent person as road superintendent for such county, or one such superintendent in each commissioners precinct, as it shall determine by an order made at a regular term thereof. Such order shall be entered on the minutes of such court, and shall not be void for want of form, but a substantial compliance with the provisions of this subdivision shall be sufficient. Every road superintendent shall be a qualified voter in the county or precinct for which he is appointed, and shall hold his office for two years or until removed by the commissioners court for good cause. No county shall be under the operation of this law whose commissioners court does not appoint a road superintendent or superintendents."

Articles 6743-6761, provides for the appointment of road superintendents, set forth their duties and powers, and fix their salary, etc.

Article 6745, Vernon's Annotated Civil Statutes, provides:

"Each road superintendent shall receive such salary as the commissioners court may fix, to be paid on the order of said court at stated

Honorable Charles H. Poteet, Page 3

intervals. In counties of less than fifteen thousand inhabitants the county superintendent's salary shall never exceed one thousand dollars per annum, and in counties of more than fifteen thousand inhabitants it shall not exceed twelve hundred dollars per annum. The salary of precinct superintendents in counties of less than fifteen thousand inhabitants shall not exceed three hundred dollars per annum, and in counties of over fifteen thousand inhabitants, it shall never exceed four hundred dollars per annum. Said court may suspend the salary of any superintendent, whose continued services are not needed."

Crane County has a population of 2,841 inhabitants according to the last Federal Census. It will be noted that Article 6745 provides that "in counties of less than fifteen thousand inhabitants the county superintendent's salary shall never exceed one thousand dollars per annum . . . ." Therefore, the Commissioners' Court of Crane County could not legally pay said road superintendent a salary exceeding one thousand dollars per year.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:OO

APPROVED APR 7, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN